UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUAN CARINO,

                           Plaintiff,                    Civ. Action No.:  15-CV-9854

              -against-                     **COMPLAINT**

                                                     **JURY TRIAL DEMANDED**

B.A. DELI MART, INC. *d/b/a* STOP 1 DELI,
AHMED ALAMARI, MOSHIN ALDALALI, and
YASSER ZINDANI,

                           Defendants.
----------------------------------------------------------------X

Plaintiff Juan Carino ("Plaintiff"), by and through his attorneys, Beranbaum Menken LLP, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action to recover unpaid minimum and overtime wages, as well as compensatory and liquidated damages pursuant to his retaliatory discharge, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the New York Labor Law ("NYLL") §§ 190 *et seq*., and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3, including applicable liquidated damages, interest, attorneys' fees, and costs.

2.      Plaintiff is the recently-terminated employee of Defendants B.A. Deli Mart, Inc. d/b/a Stop 1 Deli, Ahmed Alamari, Moshin Aldalali, and Yasser Zindani ("Defendants").

3.      Upon information and belief, Defendants own, operate, and/or control a deli and grocery business operating under the name Stop 1 Deli and located at 1360 East Gun Hill Road, Bronx, New York 10469.

4.      Upon information and belief, individual Defendants Alamari, Aldalali, and Zindani serve as owners, managers, principals, and/or agents of B.A. Deli Mart, Inc. ("Defendant Corporation"), and through this corporate entity have operated a deli and grocery as a joint or unified enterprise.

5.      Plaintiff was employed by Defendants to work in the deli, stock shelves, clean, make deliveries, and generally take care of whatever needed to be done in the store.

6.      At all times relevant to this Complaint, Plaintiff regularly worked for Defendants in excess of 10 hours per day and 40 hours per week without receiving the minimum, spread of hours, and/or overtime compensation required by federal and state law and regulations.

7.      At all times relevant to this Complaint, Defendants failed to provide Plaintiff with the "spread of hours" premium of one additional hour of wages at the minimum wage rate for all days on which he worked over 10 hours – in Plaintiff's case, virtually every working day – in violation of 12 NYCRR § 142-2.4.

8.      At all times relevant to this Complaint, Defendants failed to maintain accurate records of Plaintiff's hours worked, and failed to provide Plaintiff with wage statements or annual notices as required by NYLL § 195(1) and (3).

9.      Defendants received a demand letter from Plaintiff's counsel laying out Plaintiff's wage claims on November 20, 2015, and Plaintiff was summarily terminated the very same day.

### JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.      Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

2

12.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

14.     Plaintiff Juan Carino is an adult individual residing in Bronx County, New York.

15.     Between 2001 and November 20, 2015, Plaintiff was employed by Defendants at Stop 1 Deli, located at 1360 East Gun Hill Road, Bronx, New York 10469.

16.     Defendants own, operate, and/or control a deli and grocery located at 1360 East Gun Hill Road, Bronx, New York 10469, under the name "Stop 1 Deli."

17.     Upon information and belief, Defendant Corporation is a corporation organized and existing under the laws of the State of New York.

18.     Upon information and belief, Defendant Corporation maintains its principal place of business at 1360 East Gun Hill Road, Bronx, New York 10469.

19.     Defendants Ahmed Alamari, Moshin Aldalali, and Yasser Zindani are individuals engaging (or who have engaged) in business within this judicial district during the relevant time period.

20.     Defendants Alamari, Aldalali, and Zindani are sued individually and in their capacities as owners, officers and/or agents of Defendant Corporation.

21.     Upon information and belief, at all times relevant to this Complaint, Defendants Alamari, Aldalali, and Zindani possessed operational control over Defendant Corporation, an

3

ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22.     Upon information and belief, Defendants Alamari, Aldalali, and Zindani determined the wages, compensation, work assignments, and schedules of the employees of Defendants, including Plaintiff, and maintained employee records and had the authority to hire and fire employees.

23.     Upon information and belief, Stop 1 Deli also serves as the central office of the business.

24.     Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Upon information and belief, at all times relevant to this Complaint, each Defendant possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to his employment and compensation.

26.     Upon information and belief, Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

27.     Upon information and belief, in each year of the relevant time period, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  For example, numerous items that were used in the deli on a daily basis were produced outside of the State of New York.

29.     Plaintiff regularly handled products in interstate commerce that were produced outside of the State of New York.

30.     Plaintiff's work duties required neither discretion nor independent judgment.

31.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 10 hours per day and 40 hours per week without providing the minimum, spread of hours, and/or overtime compensation required by federal and state law and regulations.

32.     From 2010 through mid-2015, Plaintiff worked 12 hours per day, from 6:00 a.m. until 6:00 p.m., 7 days per week, for a total of 40 regular and 32 overtime hours per week.

33.     From 2010 through mid-2015, Plaintiff made $700 per week.

34.     From mid-2015 through his termination, Plaintiff worked 12 hours per day, from 6:00 a.m. until 6:00 p.m., 6 days per week, for a total of 40 regular and 44 overtime hours per week.

35.     From mid-2015 through his termination, Plaintiff made $600 per week.

36.     Plaintiff was not required to keep track of his time, nor did Defendants utilize any time tracking device that accurately reflected his actual hours worked.

37.     No notification, either in the form of posted notices or other means, was given to Plaintiff regarding wages as required under the FLSA and NYLL.

38.     Defendants did not give any notice to Plaintiff, in English or in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL § 195(1).

39.     Defendants did not provide Plaintiff a wage statement with each payment of wages, as required by NYLL § 195(3).

40.     Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

41.     Upon information and belief, Defendants did not post required wage and hour posters on the business premises.

42.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff appropriately, as required by state and federal law and regulations.

## FIRST CAUSE OF ACTION
### FLSA Minimum Wage

43.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

45.     Defendants had the power to hire and fire Plaintiff, controlled his terms and conditions of employment, and determined the rate and method of any compensation in exchange for employment.

46.     At all times relevant to this action, all parties were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47.     Defendants failed to pay Plaintiff the minimum required wage rate for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

48.     Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

6

49.     Defendants are liable to Plaintiff for his unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

50.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### FLSA Overtime

51.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a work week, in violation of 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 207(g).

53.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

54.     Defendants are liable to Plaintiff for his unpaid overtime wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### FLSA Retaliation

55.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

56.     On November 17, 2015, Plaintiff's counsel mailed a letter to the attention of Defendants Alamari, Aldalali, and Zindani at Stop 1 Deli, 1360 East Gun Hill Road, Bronx, New York 10469, outlining Defendants' failure to pay Plaintiff all wages due and owing under the FLSA, constituting protected conduct under 29 U.S.C. § 215(a)(3).

57.     On November 20, 2015, Defendants received this letter, and immediately thereafter terminated Plaintiff's employment.

58.     Defendants terminated Plaintiff for engaging in protected conduct within the meaning of 29 U.S.C. § 215(a)(3).

59.     Defendants are liable to Plaintiff for his lost wages, plus an additional equal amount as liquidated damages, punitive damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### NYLL Minimum Wage

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of NYLL §§ 2 and 651.

62.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rates and methods of any compensation in exchange for employment.

63.     Defendants failed to pay Plaintiff the minimum required wage rate for each hour worked in each discrete work week, in violation of NYLL § 652 and 12 NYCRR §§ 142-2.1.

64.     Defendants' failure to pay Plaintiff minimum wages was willful within the meaning of NYLL § 663.

65.     Defendants are liable to Plaintiff for his unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to NYLL § 198(1)(a).

**FIFTH CAUSE OF ACTION**
**NYLL Overtime**

66.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67.     Defendants, in violation of NYLL §§ 190 *et seq.* and 12 NYCRR §§ 142-2.2 *et seq.*, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a work week.

68.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

69.     Defendants are liable to Plaintiff for his unpaid overtime wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to NYLL § 198(1)(a).

**SIXTH CAUSE OF ACTION**
**NYLL Spread of Hours**

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     At all times relevant to this action, Defendants failed to pay Plaintiff the "spread of hours" premium required by 12 NYCRR § 142-2.4 for each and every day on which he worked 10 hours or more.

72.     Defendants willfully violated the rights of Plaintiff by failing to pay him "spread of hours" wages due and owing, in violation of state law.

73.     Defendants are liable to Plaintiff for his unpaid "spread of hours" wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to NYLL § 198(1)(a).

## SEVENTH CAUSE OF ACTION
### NYLL Annual Notice

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants failed to provide Plaintiff with an annual written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

76.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees, pursuant to NYLL § 198(1)(b).

## EIGHTH CAUSE OF ACTION
### NYLL Wage Statements

77.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78.     Defendants did not provide Plaintiff with adequate wage statements upon each payment of wages, as required by NYLL § 195(3).

79.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees, pursuant to NYLL § 198(1)(d).

## NINTH CAUSE OF ACTION
### NYLL Retaliation

80.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

81.     Plaintiff's letter to Defendant constitutes a complaint about NYLL violations for which Plaintiff was discharged, in violation of NYLL § 215(1)(a).

82.     Defendants are liable to Plaintiff for his lost wages, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief pursuant to NYLL § 215(2)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that as to Plaintiff, Defendants have willfully violated the minimum, spread of hours, and overtime wage provisions and associated rules and regulations of the FLSA and NYLL;

(b)     Declaring that as to Plaintiff, Defendants have willfully violated the notice, recordkeeping, and wage statement requirements of the NYLL;

(c)     Awarding Plaintiff compensatory damages in the amount of his unpaid minimum, spread of hours, and overtime wages, as well as wages lost pursuant to his retaliatory discharge, under the FLSA and NYLL, as applicable;

(d)     Awarding Plaintiff statutory damages pursuant to NYLL § 198(1)(b) and (d);

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his unpaid wages under the FLSA and NYLL, including wages lost as a result of Plaintiff's retaliatory discharge, as applicable;

(f)     Awarding Plaintiff punitive damages pursuant to 29 U.S.C. § 216(b);

(g)     Awarding Plaintiff pre-judgment and post-judgment interest, as applicable;

(h)      Awarding Plaintiff the expenses incurred in this action, including costs and

attorneys' fees; and

(i)      Granting all such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised

by the Complaint.

Dated: New York, New York
     December 17, 2015

Respectfully submitted,

By: _____
Grace Cathryn Cretcher
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088

12