UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JUAN CARINO,                        :     Case No. 1:15-CV-9854-ER
                  Plaintiff         :
                                    :
         -against-                  :
                                    :
B.A. DELI MART, INC., d/b/a STOP 1  :
DELI, AHMED ALAMARI, MOHSIN         :
ALDALALI, and YASSER ZINDANI,       :
                                    :
                  Defendants        :
------------------------------------X

### SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Juan Carino on behalf of him and all of his heirs, executors, administrators, attorneys, and assigns (collectively, "Plaintiff") and Defendants[1] B.A Deli Mart, Inc., d/b/a Stop 1 Deli, Ahmed Alamari and Yasser Zindani, on their own behalf, on behalf of their present and former directors, officers, employees, representatives, agents, attorneys, owners, and insurers, and behalf of all of their successors, related entities, assigns, heirs, executors, and administrators (collectively "Defendants" and with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Beranbaum Menken, LLP and/or other advisors of his choosing in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability**: The Parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or arising from matters set forth in the Complaint styled Juan Carino v B.A deli Mart, Inc., d/b/a STOP 1 Deli, Ahmed Alamari, Mohsin Aldalali, and Yasser Zindani, Civil Action No.

---

[1] Plaintiff concedes that Defendant Mohsin Aldalali is not a proper party to this action and was erroneously named. Accordingly, although the Stipulation of Discontinuance with Prejudice shall include said Defendant, Plaintiff acknowledges that any and all obligations contained in this Settlement Agreement do not extend to Defendant Mohsin Aldalali.

1:15-CV-9854-ER, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship. Neither this Agreement, not its terms, will be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of the terms of this Agreement as set forth herein.

3. **Dismissal of pending Action**: For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action against all named Defendants; (2) not to file or re-file the causes of action asserted in the Pending Action and/or the released claims set forth in Paragraph 5; and (3) not to institute any action against any Defendants in any court or other forum based on the claims and/or facts set forth in the Pending Action. The Parties expressly authorize their counsel to execute the Stipulation and Order of Dismissal With Prejudice set forth in Exhibit A attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or full release of claims as specified herein.

4. **Consideration**: Defendants agree to pay Plaintiff and his attorneys the total sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes any and all claims to attorneys' fees, costs, penalties and liquidated damages. Further, Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

5. **Release by Plaintiff**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date of this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any

kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have, from the beginning of the world to the effective date of this Agreement, against Defendants arising out of: (i) wage or other compensation related claims arising directly or indirectly from Plaintiff's association with Defendants, whether as independent contractors, employees, or otherwise, and the termination of that association; (ii) any claims or facts asserted in or related to the Pending Action; (iii) claims under federal, state or local wage and hour laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, or any other federal, state, or municipal wage and hour law; (iv) claims for overtime, commissions, unpaid wages, and/or other compensation whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants as well as other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and local law; and (v) any other wage or other compensation claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, promissory estoppel, breach of contract, and quantum meruit. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked.

6. **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment

referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

   7.   **Payment**.

A.   **Installment Payments**: Within five (5) business days after the Court approves the settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act as well as fully and finally dismisses the instant action, with prejudice, Defendants will issue the Settlement Payment, totaling Sixty Thousand Dollars and Zero Cents ($60,000.00), in twelve (12) monthly increments of Five Thousand Dollars and Zero Cents each ($5,000.00) payable as follows:

(1)   **1st Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 which shall be sent to Plaintiff's counsel, provided that Juan Carino completes and returns a completed IRS Form W-9 containing a valid SSN or ITIN. The payments set forth in this subsection (1) and subsections (3),(4),(6),(7),(9),(10), and (12) below shall not be paid until Defendants receive such IRS Form W-9 from Juan Carino to enable Defendants to properly report said payments to the IRS on Form 1099.

(2)   **2nd Monthly Payment:** One (1) check made payable to "Beranbaum Menken, LLP" in the amount of $5,000.00, which represents part payment of the attorneys' fees and costs due Plaintiff's counsel, to be reported on an IRS Form 1099 which shall be sent to Plaintiff's counsel, provided that Beranbaum Menken, LLP, completes and returns to Defendants' counsel a completed IRS Form W-9. The payments set forth in this subsection (2) and subsections (5),(8) and (11) shall not be paid until Defendants receive such IRS Form W-9 to enable Defendants to properly report said payments to the IRS on Form 1099.

(3)   **3rd Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to

Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(4) **4th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(5) **5th Monthly Payment:** One (1) check made payable to "Beranbaum Menken, LLP" in the amount of $5,000.00, which represents part payment of the attorneys' fees and costs due Plaintiff's counsel, to be reported on an IRS Form 1099 as set forth in Subsection (2) above.

(6) **6th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(7) **7th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(8) **8th Monthly Payment:** One (1) check made payable to "Beranbaum Menken, LLP" in the amount of $5,000.00, which represents part payment of the attorneys' fees and costs due Plaintiff's counsel, to be reported on an IRS Form 1099 as set forth in Subsection (2) above.

(9) **9th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(10) **10th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent part payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

(11) **11th Monthly Payment:** One (1) check made payable to "Beranbaum Menken, LLP" in the amount of $5,000.00, which represents

final payment of the attorneys' fees and costs due Plaintiff's counsel, to be reported on an IRS Form 1099 as set forth in Subsection (2) above.

(12) **12th Monthly Payment:** One (1) check made payable to "Juan Carino" in the amount of $5,000.00, which shall represent final payment of earnings and compensation allegedly due to Plaintiff, to be reported on an IRS Form 1099 as set forth in Subsection (1) above.

B.  **Post Dated Checks**: At the time of making the first of the Installment Payments set forth in Section 7.A., above, Defendants shall provide Beranbaum Menken, LLP, acting as Escrow Agent with post-dated checks for the remaining eleven installment payments. These post-dated checks shall be made by personal check and made out to the Payees, in accordance with Paragraph 7.A., above.

C.  **Cure Period**. In the event that any of the foregoing payments are deemed nonnegotiable on its payment dates, are returned for insufficient funds, do not clear after being presented to a bank or are not replaced by Defendants with another negotiable check in a timely manner and such non-payment is due to Defendants' failure to furnish or fund any such payments, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by email to freda@khan-lawgroup.com; facsimile to (212)419-0617 and phone call to (212)419-0616, and the Defendants shall have five (5) days from the date of delivery of the Default Notice to cure the default by making such payment, together with any financial penalty assessed by Plaintiff's banking institution(s). Upon Defendants' failure to cure a default within five (5) days of delivery of the Default Notice, counsel for Plaintiff may immediately take action to enforce this Settlement Agreement. Plaintiff shall be entitled to recovery of attorneys' fees, costs, and prejudgment interest upon any action to enforce this Settlement Agreement.

D.  **Escrow Agent**. Plaintiff's counsel Bruce Menken, Esq., hereby agrees to act as Escrow Agent. Both Plaintiff and Escrow Agent agree that the post-dated checks, which constitute the Installment Payments, shall be held and safeguarded in escrow until they become due and owing before presenting, depositing or otherwise cashing them. Plaintiff and Escrow Agent agree that they shall not endorse, or otherwise assign or encumber, the Installment Payments for the benefit of any other party and that any attempt to do so will render the Installment Payment checks null and void.

8.  **Governing Law**. The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without

regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 6, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9. **Reemployment**. Both parties hereby acknowledge that B.A Deli Mart, Inc., only owns **one** deli/grocery stores i.e the deli/grocery store that Plaintiff was employed at and which forms the basis of the instant proceeding. Plaintiff agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) the Defendants. Plaintiff agrees that he will not seek, apply for, or accept any employment or assignment to which he has relinquished any rights. Plaintiff agrees and understands that this provision is intended to protect the Defendants from allegations of retaliation and that this Section 9 constitutes a material provision of this Agreement.

10. **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void ab initio. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

11. **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable

consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The parties represent and warrant that the Settlement Payment is fair and reasonable. The parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. This Agreement may be executed by facsimile signature which shall be deemed an original signature for all purposes, provided that the Agreement is executed before a Notary Public.

15. **Knowing and Voluntary Release of Claims**. Plaintiff acknowledges that:

A. Plaintiff has carefully read this Settlement Agreement, it has been translated to him in Spanish and he fully understand its meaning;

B. Defendants hereby advises Plaintiff in writing that Plaintiff should consult with an attorney before signing the Settlement Agreement, and Plaintiff acknowledge that he has in fact consulted

with Beranbaum Menken, LLP regarding this Agreement, who represent Plaintiff in this action.

C. Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

D. Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of _____, 2017.

DATED: March __, 2017  _____
JUAN CARINO, PLAINTIFF

BA DELI MART INC

DATED: March 6, 2017  _____
BY: AHMED ALAMARI, President

DATED: March 6, 2017  _____
AHMED ALAMARI

DATED: March 6, 2017  _____
YASSER ZINDANI

by Ahmed Alamari, Attorney in fact

[Notary stamp: MAURICE NWOKOLO, Notary Public, State of New York, No. 03-4978817, Qualified in Bronx County, Commission Expires 3-11-2019] 03/06/2017

with Beranbaum Menken, LLP regarding this Agreement, who represent Plaintiff in this action.

C.   Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

D.   Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

   **IN WITNESS WHEREOF,** the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of _____, 2017.


DATED: March 8, 2017        _____
                            JUAN CARINO, PLAINTIFF

                            BRUCE E. MENKEN
                            Notary Public, State of New York
                            No. 02ME6238875
                            Qualified in New York County
                            Commission Expires April 11, 2019

                            BA DELI MART INC

DATED: March __, 2017       _____
                            BY: AHMED ALAMARI, President

DATED: March __, 2017       _____
                            AHMED ALAMARI

DATED: March __, 2017       _____
                            YASSER ZINDANI

**EXHIBIT A**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JUAN CARINO,                        :      Case No. 1:15-CV-9854-ER
                        Plaintiff   :
                                    :
              -against-             :
                                    :
B.A. DELI MART, INC., d/b/a STOP 1  :
DELI, AHMED ALAMARI, MOHSIN         :
ALDALALI, and YASSER ZINDANI,       :
                                    :
                        Defendants  :
------------------------------------X
```

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff, Juan Carino ("Plaintiff") and Defendants B.A Deli Mart, Inc., d/b/a STOP 1 DELI, Ahmed Alamari, Mohsin Aldalali, and Yasser Zindani, (collectively "Defendants") hereby stipulate, by and through their counsel, that the claims asserted by the Plaintiff in the Complaint against Defendants shall be unconditionally dismissed with prejudice, and without costs or attorneys' fees to any party. The parties agree that the Court shall retain jurisdiction over the settlement agreement resolving this action.

It is further agreed and acknowledged that the settlement entered into by the parties, and the monies received by Plaintiff, and referenced in their Settlement Agreement And General Release dated _____, are a fair and reasonable resolution of a bona fide

Page -11-

dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked.

Dated:    March ___, 2017

| | |
|---|---|
| KHAN LAW GROUP, P.C | BERANBAUM MENKEN LLP |
| | |
| _____ | _____ |
| By:  Freda Khan (FK 4220) | By: |
| 22 Cortlandt Street, 16th Floor | 80 Pine Street, 33rd Floor |
| New York, NY 10007 | New York, NY 10005 |
| (212) 419-0616 | (212) 509-1616 |
| | |
| Attorneys for Defendants | Attorneys for Plaintiff |

**SO ORDERED:**

**HON. Edguardo Ramos**          Dated:    March ___, 2017
**United States District Judge**                    New York, New York