UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _7/5/17_

---

JUAN CARINO,

                           Plaintiff,

        – against –

B.A. DELI MART, INC. *d/b/a* STOP 1 DELI,
AHMED ALAMARI, MOSHIN ALDALALI, and
YASSER ZINDANI,

                           Defendants.

---

**ORDER**

15 Civ. 9854 (ER)

Ramos, D.J.:

        On February 21, 2017, the parties filed under seal an application for the Court to approve

their agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the

New York Labor Law and to dismiss the case with prejudice.  On February 27, 2017, the Court

denied their application and directed the parties to file the settlement agreement on the public

docket.  Doc. 59.  On March 8, 2017, the parties submitted a revised settlement agreement

("Agreement").  Doc. 60, Ex. 1.  On March 13, 2017, the Court denied the application without

prejudice because the parties failed to provide enough information about the *bona fides* of the

dispute to determine whether the settlement amount was fair and reasonable.  Doc. 61.  On

March 28, 2017, the parties submitted additional support for the proposed Agreement.  Doc. 64.

        On June 23, 2017, the Court found that the settlement amount was fair and reasonable,

but nevertheless denied approval of the proposed Agreement.  Doc. 65.  The Court determined

that Section 9 of the Agreement, which purported to forever bar Plaintiff from working in or

applying for a position with the Defendants, was highly restrictive.  *Id.* at 4.

On June 28, 2017, the parties filed a joint letter in response to the June 23, 2017 Order, requesting that the Court approve Section 9. Doc. 66. Specifically, the parties argue that since Section 9 only applies to "*one* deli/grocery stores [sic]," the impact of the future employment waiver upon Plaintiff is minimal. *Id.* At least one district court in the Second Circuit approved a future employment waiver that only applied to one establishment. *Flores v. Food Exrpess Rego Park, Inc.*, No. 15CV1410KAMSMG, 2016 WL 386042, at *2 (E.D.N.Y. Feb. 1, 2016). In *Flores*, the court noted that while the future employment waiver at issue is "in some tension with broad remedial purposes of the FLSA," the "waiver's impact on plaintiff's future career opportunities is not substantial" because it only applied to one restaurant. *Id.* The Court finds the reasoning in *Flores* persuasive. Accordingly, the Court grants the parties' request for approval of the Agreement.

The Agreement, attached as Exhibit 1 to Doc. 60, is SO ORDERED. The Complaint, Doc. 1, is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   July 5, 2017
         New York, New York

Edgardo Ramos, U.S.D.J.

2